IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALLSTATE INSURANCE COMPANY,** : | |
| : | **CIVIL ACTION** |
| **Plaintiff,** : | |
| : | |
| v. : | **No. 18-600** |
| : | |
| **ANNA NAWROCKA,** : | |
| : | |
| **Defendant.** : | |

**Goldberg, J.**                                                                                                          **September 30, 2020**

## MEMORANDUM OPINION

Plaintiff Allstate Insurance Company ("Allstate") seeks declaratory relief against Defendant Anna Nawrocka regarding her claim for underinsured motorist benefits pursuant to a policy issued by Allstate to a third-party. Presently before me is Plaintiff's Motion for Summary Judgment. For the following reasons, the Motion will be granted.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

The following facts are undisputed unless otherwise noted.[1]

#### A.    The Accident

On April 16, 2016, Defendant was a passenger in a 2014 Nissan Altima when it was involved in a motor vehicle accident driven by Jerzy Chojnowski. (PSUF ¶ 2.) As a result of injuries that she sustained in that accident, Defendant made a request of Allstate for underinsured

---

[1] References to the parties' pleadings will be made as follows: Plaintiffs' Statement of Undisputed Facts ("PSUF"); Defendant's Statement of Undisputed Facts ("DSUF"); and Plaintiffs' Counterstatement ("PC"). To the extent a statement is undisputed by the parties, I will cite only to the parties' statements of undisputed fact. If a statement is disputed and can be resolved by reference to the exhibits, I will cite the supporting exhibit or exhibits. I will also cite to the supporting exhibits in the event further clarification of a fact is required.

1

motorist ("UIM") benefits under a commercial vehicle policy, issued by Allstate to D & J Chojnowski Construction Co., who owned the vehicle and employed Jerzy Chojnowski. (the "Commercial Policy"). (Pl.'s Mot. Summ. J., Ex. B.) Defendant made this claim based upon her mistaken belief that the 2014 Nissan Altima was insured under D & J Chojnowski Construction Co.'s Commercial Policy.[2] (Id.) However, the Commercial Policy in effect at the time of the accident did not cover the Nissan Altima and only provided coverage for other, uninvolved company vehicles—a 2005 GMC Savana G3500 and 2006 GMC Savana G2500. (Pl.'s Mot. Summ. J., Ex. C.)

Allstate also provided Damian Chojnowski, who owned D & J Chojnowski Construction Co., with a personal vehicle policy, No. 908 128 117 (the "Personal Policy"), which covered three other vehicles in addition to the 2014 Nissan Altima. (Pl.'s Compl., Ex. C.) Both the Commercial and Personal policies were procured through the Michael V Goetz Agency LLC (the "Goetz Agency"), which acts as an agent for Allstate. (Pl.'s Mot. Summ. J. at 2.)

**B.      Insurance Coverage for the 2014 Nissan Altima**

The 2014 Nissan Altima was purchased by Damian Chojnowski on October 24, 2013. (Def.'s Opp., Ex. A.) At the time of purchase, Mr. Chojnowski requested that the seller, Peruzzi Nissan, obtain insurance coverage on the vehicle. (Dep. of Damian Chojnowski ("D. Chojnowski Dep."), 28:5–11, 43:16–44:7.) Peruzzi Nissan informed Damian Chojnowski that it would not obtain insurance coverage for a customer but agreed to confirm the existence of insurance for the Nissan Altima.[3] (Dep. of Robert Hazelett ("R. Hazelett Dep."), 35:25–36:1–15). To do this,

---

[2]     Defendant is not a Named Insured under either the Commercial Policy or Personal Policy. (Pl.'s Mot. Summ. J. at 1.)

[3]     In its Opposition, Defendant admits "that Peruzzi Nissan does not 'obtain' insurance coverage for a customer. However, it does 'verify' that such coverage exists." (Def.'s Opp. at 5.)

Peruzzi Nissan received a facsimile from the Goetz Agency confirming that Damian. Chojnowski, was an insured. (R. Hazelett Dep., 29:14-18). Additionally, the Goetz Agency verified that it would not issue a new policy or add a new vehicle to an existing policy unless it was directly contacted by the insured. (Michael Goetz's Aff. ("Goetz Aff."), Ex. F, ¶¶ 13–16). Therefore, no insurance coverage was obtained for the 2014 Nissan Altima on October 24, 2013.

Insurance coverage was obtained for the Nissan Altima approximately one month after its purchase, on November 26, 2013, when Damian Chojnowski directly contacted the Goetz Agency by telephone. (Goetz Aff., Ex. F, ¶ 17.) Based on information provided by Mr. Chojnowski, the Goetz Agency mailed him policy information on November 27, 2013 providing coverage under the Personal Policy. (D. Chojnowski Dep., Ex. F.) The application for coverage included information concerning the amount of UIM benefits provided under the Personal Policy in the amount of $50,000.00/$100,000.00. (Pl's Compl., Ex. A.) The application also included a clause that stated, "I have read this entire application including the binder provision before signing." (Id.) Damian Chojnowski signed the application for the Personal Policy on December 2, 2013 for the 2014 Nissan Altima, confirming that he read the policy terms and coverage information. (Id.; see also D. Chojnowski Dep., 69:6–19.)

From November 26, 2013 through April 16, 2016, the date of the accident, the 2014 Nissan Altima was insured under the Personal Policy issued by Allstate Property and Casualty Insurance Company. (Pl.'s Mot. Summ. J., Ex. C.) This policy listed Damian Chojnowski and his wife, Aneta Chojnowski, as the only named insureds. (Id.)

### C. Confirmation of Commercial Coverage

To confirm the coverage provided under the Personal Policy, Allstate sent declaration pages to Damian Chojnowski on approximately nine occasions between November 2013 and

March 2016. [4] (Leena Merchant's Pers. Aff. ("Merchant Pers. Aff."), Ex. G, ¶ 5.) In addition to the Personal Policy declaration pages, Allstate also sent Commercial Policy declaration pages to Damian Chojnowski that did not list the 2014 Nissan Altima as an insured vehicle. (Leena Merchant's Comm. Aff. ("Merchant Comm. Aff."), Ex. H, ¶ 4.; Pl.'s Compl., Ex. D.) Item three of these declaration pages confirmed that the GMC Savana G3500 and 2006 GMC Savana G2500 were the only vehicles covered under the Commercial Policy. (Pl.'s Compl., Ex. D.)

The declaration pages served to confirm the coverage and the amounts of coverage available under the Commercial Policy and the Personal Policy. (Id.) Each policy's declaration pages included language directing an insured to contact Allstate if there was incorrect coverage or information. (Id.; see also D. Chojnowski Dep., Exs. 4, 5, 6, 7, 8, 9, 10, 13). At no point between 2013 and 2016 did Damian Chojnowski contact Allstate or the Goetz Agency to request changes or inform them of incorrect coverage. (D. Chojnowski Dep., 94:16–20, 96:15–18, 99:8–14, 102:19–24, 104:14–18, 108:1–7, 109:12–16, 110:12–16). Despite Allstate's regular correspondence concerning coverage, Defendant argues Damian Chojnowski reasonably believed the 2014 Nissan Altima was an insured vehicle under the Commercial Policy. (Def.'s Opp., 15.)

**D.    Relevant Procedural History**

In response to Defendant's October 20, 2017 claim for UIM benefits, Allstate filed its Complaint for Declaratory Judgment against Defendant Nawrocka on February 12, 2018. Allstate moved for summary judgment, and Defendant opposed.

---

[4] November 27, 2013; March 13, 2014; August 12, 2014; September 12, 2014; March 13, 2015; March 15, 2015; May 14, 2015; September 14, 2015; March 14, 2016.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 states, in pertinent part:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a). "Through summary adjudication, the court may dispose of those claims that do not present a 'genuine dispute as to any material fact' and for which a jury trial would be an empty and unnecessary formality." Capitol Presort Servs., LLC v. XL Health Corp., 175 F. Supp. 3d 430, 433 (M.D. Pa. 2016).

A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable factfinder to return a verdict for the non-moving party. Id. Alternatively, no dispute of material fact exists if there is no evidence from "which the jury could reasonably find for the plaintiff." Id. at 252. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana v. Kmart Corp, 260 F.3d 228, 232 (3d Cir. 2001); Burton v. Teleflex Inc., 707 F.3d 417, 425 (3d Cir. 2013). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Twp. of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

## III.    DISCUSSION

Allstate argues that summary judgment should be granted in its favor because the 2014 Nissan Altima was not a covered motor vehicle under the Commercial Policy and Defendant was not an insured under the Commercial Policy. Defendant responds that she is entitled to coverage

under the Commercial Policy based on the reasonable expectations of Allstate's insured, Mr. Chojnowski.

### A. **Commercial Policy Coverage**

Under Pennsylvania law, which applies here, the interpretation of an insurance policy generally involves a question of law. Am. Auto. Ins. Co. v. Murray, 658 F.3d 311, 320 (3d Cir. 2011); see also Pa. Mfrs. Indem. Co. v. Pottstown Indus. Complex LP, 215 A.3d 1010, 1014 (Pa. 2019). Insurance policies are considered contracts and the well-established principles of contract law are therefore applied. Transamerican Office Furniture v. Travelers Prop. & Cas., 222 F. Supp. 2d 689, 691 (E.D. Pa. 2002). The court must determine the parties' intent as manifested by the terms of the policy. Am. Auto. Ins. Co., 658 F.3d 311 at 320. The policy should be read as a whole and given effect to all of its provisions. Id. When the language is clear and unambiguous, the court must give effect to the plain meaning of the terms. Id. If the language is ambiguous, the policy must be read "in favor of the insured and against the insurer, the drafter of the agreement." Prudential Prop. & Cas. Ins. Co. v Sartno, 903 A.2d 1170, 1174 (Pa. 2006) (quoting Standard Venetian Blind Co. v. Am. Empire Ins. Co., 469 A.2d 563, 566 (Pa. 2006)). "Contractual language is ambiguous 'if it is reasonably susceptible to different constructions and capable of being understood in more than one sense.'" Id. (quoting Hutchison v. Sunbeam Coal Co., 519 A.2d 385, 390 (Pa. 1986)). In Pennsylvania, "the insured bears the burden of proving facts that bring its claim within the policy's affirmative grant of coverage." Koppers Co., Inc. v. Aetna Cas. & Sur. Co., 98 F.3d 1440, 1446 (3d Cir. 1996) (citing Riehl v. Travelers Ins. Co., 772 F.2d 19, 23 (3d Cir. 1985)).

Here, Allstate contends that Defendant's claim for UIM benefits is not covered under the Commercial Policy. It moves for summary judgment under two theories: first, that the

Commercial Policy in effect at the time of the accident does not cover the vehicle involved in the accident—the 2014 Nissan Altima and, second, that Defendant is not an "insured" person per the terms and conditions of the Commercial Policy. In response, Defendant argues that the reasonable expectations of the insured provide coverage of the vehicle under the Commercial Policy.

Defendant bears the burden of proving that she is entitled to UIM benefits under the Commercial Policy. Thus, in order to survive summary judgment, she must establish that there is a genuine issue of material fact as to (1) whether the 2014 Nissan Altima was a covered motor vehicle under the Commercial Policy and (2) whether she qualifies as an "insured" pursuant to the terms and definitions of the Commercial Policy.

### a. Covered Motor Vehicle under Commercial Policy

An analysis of the terms and definitions of the Commercial Policy reveals that the policy is unambiguous and its plain language bars coverage for the 2014 Nissan Altima. The Commercial Policy at issue only provided coverage for a 2005 GMC Savana G3500 and 2006 GMC Savana G2500. (Pl.'s Mot. Summ. J., Ex. C) Per the plain language of the Commercial Policy, the 2014 Nissan Altima was never covered. (Id.)

In the absence of evidence to the contrary, the plain meaning of the Commercial Policy will be given full effect and I will not construe coverage to create an ambiguity that does not exist. See Reliance Ins. Co. v. Moessner, 121 F.3d 895, 902-03 (3d Cir. 1997). Accordingly, I find as a matter of law that the terms and conditions of the Commercial Policy do not provide coverage of the 2014 Nissan Altima. In turn, the question is whether the insured's reasonable expectations of coverage should be enforced despite the plain language of the Commercial Policy.

### b. Reasonable Expectations of the Insured

Despite the unambiguous language of the Commercial Policy, Defendant argues that the

Commercial Policy provides coverage due to the reasonable expectations of the insured, Damian Chojnowski. Specifically, Defendant asserts that "Michael Goetz Agency, Allstate's agent, communicated the commercial auto policy information to the salesman brokering the sale of the Nissan Altima," which led the insured to reasonably belief the vehicle was covered under the Commercial Policy. (Def.'s Opp. at 20.) As set forth below, I find Defendant's argument to be without merit.

"An analysis of the reasonable expectations of the insured is rightly employed when a claimant alleges that the insurer engaged in deceptive practices toward the insured, either to misrepresent the terms of the policy or to issue a policy different than the one requested by the insured." West v. Lincoln Benefit Life Co., 509 F.3d 160, 171 (3d Cir. 2007). Nevertheless, "[m]ere assertions that a party expected coverage will not ordinarily defeat unambiguous policy language excluding coverage." Id. "In the reasonable expectations analysis, the insurer must demonstrate that the insured did not have a reasonable expectation of coverage." West, 509 F.3d at 171. Nevertheless, under the reasonable expectations analysis, Defendant "may not complain that [his] reasonable expectations were frustrated by policy limitations which are clear and unambiguous." Id. at 169.

In this context, Defendant argues that the insured, Damian Chojnowski, reasonably believed that he requested and received coverage of the 2014 Nissan Altima under the Commercial Policy. To support this argument, Defendant cites to the October 24, 2013 purchase of the 2014 Nissan Altima as evidence of the insured's reasonable expectations. At the time Mr. Chojnowski purchased the 2014 Nissan Altima, Peruzzi Nissan contacted the Goetz Agency to confirm the existence of a valid insurance policy.

The chronology of correspondence between Allstate and the insured, however, conclusively demonstrates that Mr. Chojnowski did not have a reasonable expectation of coverage under the Commercial Policy. Following an initial phone call with Mr. Chojnowski in November 2017, Allstate sent the insured policy information providing coverage of the 2014 Nissan Altima under the Personal Policy. (D. Chojnowski Dep., Ex. F.) After reviewing the policy information, Mr. Chojnowski failed to request any changes in policy coverage. Instead, Mr. Chojnowski completed and executed the application for the Personal Policy on December 2, 2013 for the 2014 Nissan Altima. (Pl.'s Compl., Ex. A).

In addition, Allstate sent various declaration pages regarding both the Personal Policy and the Commercial Policy to Mr. Chojnowski from 2013 through 2016. These pages confirmed coverage of the 2014 Nissan Altima as an insured vehicle under the Personal Policy. Despite receiving these declaration pages, which were clear and unambiguous, Mr. Chojnowski never contacted Allstate to make changes to his policy.

Therefore, the undisputed facts demonstrate that it was unreasonable for the insured to expect the Commercial Policy to be in effect for the Nissan Altima at the time of the April 16, 2016 accident involving Defendant. Thus, even under the reasonable expectations analysis, the Commercial Policy did not cover the 2014 Nissan Altima, and Allstate has no obligation to pay UIM benefits.

### B. "Insured" Person under Commercial Policy

Allstate additionally argues that Defendant does not qualify as an "insured" under the Commercial Policy. As previously stated, "the insured bears the burden of proving facts that

bring its claim within the policy's affirmative grant of coverage." Koppers Co., Inc., 98 F.3d at 1446.  Nevertheless, Defendant does not address the issue of whether she qualifies as an "insured."[5]

To determine who is an insured under the Commercial Policy, the terms of the Commercial Policy control.  See Klinger v. State Farm Mut. Auto. Ins. Co., 895 F. Supp 709, 715 (M.D. Pa. 1995) ("An insurer's duty to deal in good faith applies to all persons who are 'insured' under the insurance policy.").  Pursuant to the Commercial Policy, Allstate provides UIM benefits to the "insured," who is legally defined as follows:

      a. The Named Insured and any "family members";[6]
      b. Anyone else "occupying" a covered "motor vehicle" or a temporary substitute for a covered "motor vehicle."  The covered "motor vehicle" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.
      c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."

(Pl.'s Compl., Ex. D.)

Thus, to be an insured person under Damian Chojnowski's Commercial Policy, Defendant must qualify as one of the three categories of an "insured."  The undisputed evidence of record, however, reflects that Defendant was not (1) The Named Insured or a "family member"; (2) occupying a covered "motor vehicle"; or (3) an individual entitled to damages because of injury sustained by an insured.  Here, Defendant contends that she qualifies as an "insured" under the Commercial Policy simply because she was occupying a covered motor vehicle. (Def.'s Opp. at

---

[5] In Defendant's Opposition, Defendant addresses the issue briefly: "as an occupant, Anna Nawrocka was an insured as described in the UIM policy; see plantiff's statement 20, defining an occupant as an insured." (Def.'s Opp. at 7.) Therefore, Defendant adopts the definition of an "insured" under the Commercial Policy as defined by Plaintiff.

[6] The Commercial Policy further defines a "family member" as: "A person related to an individual Named Insured by blood, marriage or adoption, who is a resident of such Named Insured's household, including a ward or foster child." (Pl.'s Compl., Ex. C)

7.) But, as set forth above, the 2014 Nissan Altima was not a "covered" vehicle under the Commercial Policy.

Additionally, as a third party to the Commercial Policy, Defendant possesses no contractual privity with Allstate. In Pennsylvania, "the duty of a title insurance company runs only to its insured, not to third parties who are not party to the contract." Hicks v. Saboe, 555 A.2d 1241, 1243 (Pa. 1989). As an exception to this rule, third parties may bring claims based on an insurance contract if they are intended third party beneficiaries. See McKeeman v. CoreStates Bank, N.A., 751 A.2d 655, 659 (Pa. Super. Ct. 2000) ("[A]n intended third party beneficiary may have a limited cause of action under [an insurance] contract."). However, insurance carriers' liabilities are generally "governed solely by the contract they enter into with their insured." Twp. of Springfield v. Ersek, 660 A.2d 672, 675 (Pa. Commw. Ct. 1995).

Here, Defendant bears the burden of demonstrating that she qualifies as an "insured" under the Commercial Policy, but she offers no factual support for her argument. Furthermore, she is not an intended third-party beneficiary that would permit her to bring a claim under Damian Chojnowski's insurance policy with Allstate. Therefore, even assuming all facts in the light most favorable to Defendant, Defendant is not entitled to coverage under the Commercial Policy as a matter of law.

## IV. CONCLUSION

In light of the foregoing, I find that (1) the 2014 Nissan Altima, with Vehicle Identification Number 1N4AL3AP0EC137430, was not a covered motor vehicle pursuant to the terms and conditions of Allstate Insurance Company's Commercial Policy No. 048 860 874; (2) Defendant, Anna Nawrocka, was not an insured under the Commercial Policy issued by Allstate; and (3)

Allstate is not obligated to provide Defendant with UIM benefits under the Commercial Policy. Therefore, I will grant Plaintiff's Motion for Summary Judgment.

An appropriate Order follows.